IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                    Case No. 2:09-CR-20074-001

JACOB LOGAN STONE                                                                       DEFENDANT

## MOTION FOR DISCOVERY

  COMES NOW Defendant, Jacob Logan Stone, by and through his attorney, Keith M. Kannett of the Jenkins Law Firm, PLLC, and moves the United States of America as follows:

1. Pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 16, the Government should disclose to defense counsel, the following material and information which is or may come within the possession, control, or knowledge of the Government:

   (i) the names and addresses of persons whom the Government intends to call or anticipates calling as witnesses at any hearing or trial;

   (ii) any written or recorded statements and the substance of any oral statements made by Defendant or any other codefendant or any one given legal or de facto immunity to provide information or testimony. This includes statements intended to be used as admissions;

   (iii) any reports or statement of experts, made in connection with the particular case, including results of physical or mental examinations, scientific tests, experiments or comparisons;

   (iv) any books, papers, documents, photographs, computer records, videotapes or tangible objects, including any recreations, whether computer generated animations or whatever, which Prosecution intends to use in any hearing or at trial or any

        statements, books, papers, documents, photographs, or tangible objects which were obtained from or belong to Defendant, or either of them, or which in any manner pertain to this case;

        (A)    Further, the Government should provide similar disclosure of anything that it does not intend to use at any hearing or trial in this case because its non-use indicates a great potential that it is *Brady* material. See *Brady* and its progeny, cited *infra*.

            (I)    Defendant specifically requests production of the notes of the officers from which reports in the file were produced. Those notes commonly include information about leads that did not pan out and people talked to that may have known something else.

            (II)    any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial, if the prosecuting attorney has such information available.

2.    The Government should disclose to defense counsel the following:

    (i)    whether, in connection with this case, there has been any electronic (including audio, video, or digital) surveillance or recordings of Defendant's premises or of conversations or actions to which Defendant was a party (including surreptitious recordings of Defendant while in a police interview room or on the street), statements from his or her premises, copying of e-mail or similar electronic transmissions, consented to by one party to the conversation or not; along with a description of the

        recordings and copies of any transcripts, whether these are directly based on this charge or surveillance preceding defendant's arrest;

    (ii)    the relationship to the prosecuting attorney of persons whom the Government intends to call as witnesses and the relationship between the Government and any witness the Government will call as a witness; *e.g.*, employee of any governmental entity, informant status, witness in this or another case, a defendant or former defendant in a criminal case in municipal, circuit, or federal court.

3.    The Government should disclose and permit inspection, testing, copying, or photocopying of any relevant material or computer or computer-like memory, disks, or hard drives concerning any searches and seizures of Defendant or his or her property or statements that he or she allegedly made (copying of computer disks and hard drives requires copying "invisible" files that are not visible on the directory but which are still present on disks) regarding:

    (i)    any specific searches and seizures make in this case;

        (A)    If a search warrant was relied upon, provide a copy of: (I) the warrant, (II) all materials used to obtain the warrant, and (III) the inventory.

        (B)    If inventory search may be relied on as a justification for the search, please provide the police department's policy on conducting inventory searches, because it is the Government's burden to justify the search.

        (C)    Any video or audio of the occurrence.

    (ii)    the acquisition of specified statements from Defendant.

4.    Any record of any person who may be called as a witness at any stage of this proceeding whether presently known or capable of being ascertained of prior:

  (i)  Convictions, by an ACIC or NCIC check, or otherwise.

  (ii)  Juvenile adjudications that would be admissible for impeachment if committed by an adult.

5. Any inducements, promises of leniency, consideration (financial or otherwise) or anything else that is potential impeachment evidence against a confidential informant or any other witness, pursuant to; *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Strickler v. Greene*, 527 U.S. 263 (1999); *Banks v. Dretke*, 540 U.S. 668 (2004); including, but not limited to, any written or oral agreements or any documentary evidence concerning an informant or "cooperating individual" that:

  (i)  provides for leniency, protection from arrest, prosecution, or asset forfeiture, sentencing recommendations, or anything of the kind from any past, present, or future criminal acts;

  (ii)  provides for payment of anything of value for his or her services including proof of payment, IRS 1099s for their payments, and the informant's tax returns;

  (iii)  proof of summaries of the payments to the informant;

  (iv)  any psychiatric or drug rehabilitation history of informants.

6. As to impeachment ("Brady") evidence:

  (i)  Any other evidence or thing in the knowledge of, possession, or control of the Government or its agents which tends to negate the guilt of Defendant as to the offense charged (including anything which tends to impeach a Government's witness) or would tend to reduce the punishment for the offense.

  (ii)  Impeachment evidence includes statements of witnesses where they are even slightly inconsistent in their versions of events from one statement to the next (oral statement

to written; two written statements; etc.) or that they were given consideration or a reward. *Strickler v. Greene*, supra; *Kyles v. Whitley*, 514 U.S. at 452 (even if statements of not all witnesses are impeachable); *Banks v. Dretke*, supra (withheld information about reward to witness was impeachment material and required reversal of conviction); *United States v. Sudikoff*, 36 F. Supp. 2d 1196 (C.D. Cal. 1999).

(iii) This includes any evidence that anyone else was at one time considered a suspect in this case.

(iv) The prosecuting attorney has a duty to inquire of the police to be certain that all potentially discoverable "Brady" material has been discovered, provided to the prosecutor by the police, and disclosed. *Kyles,* 514 U.S. at 437-38 (*Brady* includes material known by the police and not the prosecutor; "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in this case, including the police"). An "open file" does not relieve the City of its obligation to specifically disclose impeachment material. *Kyles v. Whitley, supra; Banks v. Dretke, supra*.

(v) Negative evidence; e.g., as the result of any type of scientific test that failed to connect the defendant to the crime such as absence of fingerprints, physical, or serological evidence or presence of such evidence of another. *Partler v. Slayton*, 503 F.2d 472 (4th Cir. 1974).

(vi) The fact that a witness has testified falsely even in an unrelated case. *United States v. Masri*, 547 F.2d 932 (5th Cir. 1977).

(vii) A full and complete criminal history of the alleged victim(s) in this offense.

7. Any relevant material regarding any specific searches or seizures and any relevant material regarding the acquisition of specified statements from Defendant;

8. Any FEDERAL RULE OF EVIDENCE 404(b) evidence and 404(b) evidence which the Government intends to or may use against Defendant.

9. Any evidence which could be used in the punishment phase against the defendant.

10. List any equipment used in the investigation of Defendant or used to determine guilt or evidence of guilt or a lack of guilt in anyway. Supply the maintenance and calibration records for any such devises or equipment used in connection with Defendant, and who now possesses said equipment.

WHEREFORE, Defendant, Jacob Logan Stone, moves for the discovery specified herein and for such other relief as is just and proper.

        Attorney for Defendant,
        Jacob Logan Stone

        /s/ Keith M. Kannett
        Keith M. Kannett
        JENKINS LAW FIRM, PLLC
        2501 Fayetteville Road
        P.O. Box 7210
        Van Buren, AR 72956
        Telephone:   (479) 474-3999
        Facsimile:   (479) 262-2475

## CERTIFICATE OF SERVICE

I, Keith M. Kannett, do hereby certify that I have sent by mail a true and correct copy of the above Motion for Discovery to Kyra E. Jenner, Assistant U.S. Attorney, to the address listed below, this 11th day of January, 2009.

Kyra E. Jenner
Assistant U.S. Attorney
P.O. Box 1524
Fort Smith, AR 72902
Fax: (479) 441-0501

        /s/ Keith M. Kannett
        Keith M. Kannett