IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

FEB - 4 2010

CHRIS R. JOHNSON, CLERK

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  2:09CR20074-001 |
| v. | ) | |
| | ) | |
| JACOB LOGAN STONE | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11 (c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement.  The agreement of the parties is as follows:

### COUNT OF CONVICTION AND
### DISMISSAL OF COUNTS ONE THROUGH FIVE
### AND SEVEN THROUGH FIFTEEN

1.     The defendant, Jacob Logan Stone, agrees to plead guilty to Count Six of the Indictment returned by the grand jury on December 9, 2009.  Count Six of the Indictment charges the defendant with knowingly distributing images of a minor engaged in sexually explicit conduct in interstate and foreign commerce, by computer, in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1).  If the Court accepts this plea agreement, once the Court has pronounced sentence, the government will move to dismiss Counts One through Five and Seven through Fifteen of the Indictment.  The government will recommend and so move that the defendant receive the adjustment for acceptance of responsibility, so long as the defendant demonstrates conduct consistent with his acceptance of responsibility.

## FACTUAL BASIS

2.      On October 6, 2009, Jacob Logan Stone, a resident of Ozark, Arkansas, permitted his roommate to use his laptop computer.  Stone's roommate's mother accessed Stone's laptop computer to check her email while visiting her son who lived with Stone.  She inadvertently discovered child pornography on Stone's laptop computer.

3.      The roommate and his mother notified the Franklin County, Arkansas, Sheriff's Department of their discovery.  Stone's laptop computer was seized as evidence and turned over to the Federal Bureau of Investigation for forensic examination.

4.      On October 7, 2009, Franklin County Sheriff's officers and the Arkansas State Police executed a state search warrant at Stone's residence in Ozark.  Stone arrived at his home while the search was being conducted.  He was advised of his Miranda warning.  Stone admitted he had child pornography on his computer, consisting of photographs and videos "too numerous to count."  Stone told investigators he had downloaded the material from a web site.  He admitted using file sharing software to obtain additional child pornography.  Stone stated he left his files open on the internet so his child pornography files were available for sharing.

5.      Federal Bureau of Investigation forensic examiners identified in excess of 700 still images and more than 39 videos of minors engaging in sexually explicit conduct, as that term is defined in 18 U.S.C. § 2256, on Stone's laptop computer.  The National Center for Missing and Exploited Children ("NCMEC") identified six known series of child pornography images and videos on Stone's computer, including a 10-minute video depicting an adult male performing sex acts on a 6-year-old boy.

6.    The forensic examination revealed Stone sent an email on August 15, 2009, to evil_frenchman@yahoo.com with two attached images of minor males engaged in sexually explicit conduct, including masturbation.  Federal Bureau of Investigation Special Agent Tim Akins located and identified the recipient of the email Stone sent to evil_frenchman@yahoo.com on August 15, 2009.  The recipient was a 16-year-old male acquaintance of Stone's.

7.    The email Stone sent on August 15, 2009, with attached child pornographic images was transmitted over the internet, a means and facility of interstate commerce, from Stone's laptop computer located in the Western District of Arkansas to evil_frenchman@yahoo.com.  Stone's internet service provider was Centurytel and its server was located in Monroe, Louisiana.  Yahoo's servers are located in California.  Therefore, the images Stone sent over the internet on August 15, 2009, as charged in Count Six of the Indictment, traveled in interstate commerce.

## ADVICE OF RIGHTS

8.    The defendant hereby acknowledges that he has been advised of his constitutional and statutory rights.  Further, the defendant agrees that he fully understands his right:

a.    to have an attorney and if he can not afford an attorney, to have one provided to him and paid for at government expense;

b.    to persist in his plea of not guilty;

c.    to have a speedy and public trial by jury;

d.    to be presumed innocent until proven guilty beyond a reasonable doubt;

e.    to confront and examine witnesses who testify against him;

f.    to call witnesses on his behalf;

g.    to choose to testify or not testify and that no one could force him to testify;

h.    to have at least 30 days to prepare for trial.

3

## WAIVER OF RIGHTS

9.      The defendant hereby acknowledges that he understands with respect to Count Six of the Indictment to which he pleads guilty, he thereby WAIVES all of the rights listed as (b) through (h) of the previous paragraph.

## WAIVER OF ACCESS TO RECORDS

10.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

11.     The defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF
## THIS AGREEMENT BY DEFENDANT

12.     By signing this agreement, the defendant acknowledges that he has been advised of his rights under Rule 11 (f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.  If the defendant should breach any provision of this plea agreement, then he hereby agrees that said breach operates as a WAIVER of his rights under Rule 11 (f) and Rule 410.  Upon defendant's breach of any provision of this agreement, the government shall be allowed to use and to introduce into evidence any one or more of the following:

4

    a.       admissions against interest, both oral and written, made by the defendant to any person;

    b.       statements made by the defendant during his change of plea hearing;

    c.       the factual basis used at the change of plea hearing;

    d.       any testimony given under oath to a grand jury or a petit jury;

    e.       any and all physical evidence of any kind which the defendant has provided to the government; and,

    f.       any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

13.     If the defendant is found to be in breach of this plea agreement, it is further agreed that the government may reinstate dismissed charges, pursue additional charges and shall be released from any and all restrictions or obligations placed upon it under the terms of this agreement.

## MAXIMUM PENALTIES

14.     The defendant hereby acknowledges that he has been advised of the maximum penalties for Count Six of the Indictment to which he is pleading guilty.  By entering a plea of guilty to Count Six of the Indictment, the defendant agrees that he faces:

    a.       a maximum term of imprisonment of not more than 20 years;

    **b.**       **a mandatory minimum term of imprisonment of not less than 5 years;**

    c.       a maximum fine of $250,000.00;

    d.       both imprisonment and fine;

    e.       a term of supervised release of not less than 5 years or life which begins after release from prison;

5

f.    a possibility of going back to prison if conditions of supervised release are violated; and

g.    a special assessment of $100.00.

## DEFENDANT'S ACKNOWLEDGMENT OF REQUIREMENT TO REGISTER AS A SEX OFFENDER

15.    I understand and acknowledge that I have been advised and understand that under the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901, et seq., I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or student, among other information. I further understand that the requirement to keep the registration current includes informing the jurisdiction where I reside, am employed or attend school no later than three business days after any change of my name, residence, employment or student status. I have been advised and understand that failure to comply with these obligations subjects me to prosecution for failure to register under federal law in violation of Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment or both.

## NO OTHER CHARGES

16.    The government agrees that no other federal charges, which stem from the activities described in the Indictment, will be brought against the defendant in the Western District of Arkansas.

6

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

17.     The parties acknowledge that in accordance with United States v. Booker, 543 U.S. 220 (2005), the Court shall consult and take into account the United States Sentencing Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the defendant to any reasonable sentence within the statutory range of punishment.

## DEFENDANT'S RESERVATION OF RIGHTS

18.     The parties acknowledge and recognize that the defendant reserves the right to call witnesses and introduce evidence in support of a Guideline departure from the advisory guidelines and to call witnesses and introduce evidence in support of a variance, pursuant to the factors set forth in 18 U.S.C. § 3553(a).  Further, the parties agree that the government shall have the right and opportunity to contest evidence presented relevant to the defendant's motion for a guideline departure and the defendant's motion for a variance pursuant to 18 U.S.C. § 3353(a).

## AGREEMENT DOES NOT PROMISE
## A SPECIFIC SENTENCE

19.     The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case.  The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the district court.  Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties.  In the event that the actual guideline range is greater than the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty.

7

## RELEVANT CONDUCT CONSIDERED

20.     At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement.

## PERJURY

21.     In the event that it is determined that the defendant has not been truthful with the court as to any statements made while under oath, this plea agreement shall not be construed to protect the defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE GOVERNMENT

22.     The government agrees not to object to a finding by the probation office or a ruling of the court which awards the defendant an appropriate-level decrease in the base offense level for acceptance of responsibility so long as the defendant demonstrates conduct consistent with his acceptance of responsibility.  If the offense level in the Presentence Report is 16 or greater, and the Presentence Report awards two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points.

## GOVERNMENT'S RESERVATION OF RIGHTS

23.     Although the government agrees not to object to certain findings by the probation office or to rulings of the court, it reserves the right to:

        a.      make all facts known to the probation office and to the court;

8

b.      call witnesses and introduce evidence in support of the Presentence Report;

c.      contest and appeal any finding of fact or application of the Sentencing Guidelines;

d.      contest and appeal any departure from the appropriate Guideline range;

e.      defend the rulings of the District Court on appeal, even those for factors on which the government has agreed to make no recommendations, not to object, and/or to make recommendations.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

24.     The government's concessions on sentencing options are non-binding and made pursuant to Rule 11 (c)(1)(B) of the Federal Rules of Criminal Procedure.  As a result, if the court should reject the defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the defendant acknowledges that there is no right to withdraw the guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

25.     The parties agree that nothing in this agreement binds the district court to:

a.      make any specific finding of fact;

b.      make any particular application of the Sentencing Guidelines;
c.      hand down any specific sentence;

d.      accept this plea agreement.

26.     The government and the defendant acknowledge that the court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

27.     The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

9

## SPECIAL ASSESSMENT

28.     The defendant agrees that he will pay $100.00 as the special assessment in this case.

## REPRESENTATIONS BY DEFENDANT
## AND DEFENSE COUNSEL

29.     The defendant and his attorney state hereby that neither one of them has been subjected to any threats or coercion which have induced the defendant to change his plea to guilty. Further, the defendant and his attorney acknowledge that the defendant's desire to change his plea to guilty is not the result of threats or coercion directed at anyone connected with them.

30.     By signing this plea agreement, counsel for the defendant acknowledges that:

     a.     he has read this plea agreement;

     b.     he has given a copy of it to the defendant;

     c.     he has explained the ramifications of the plea agreement to the defendant;

     d.     he believes that the defendant understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

31.     The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change his plea to guilty.

Dated this _1st_ day of _February_, 2010.


JACOB LOGAN STONE,
Defendant

KEITH KANNETT
Attorney for Defendant

DEBORAH GROOM
UNITED STATES ATTORNEY

By:

KYRA E. JENNER
Assistant U.S. Attorney

11