IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 2:09CR20074
)
JACOB LOGAN STONE )

### Defendant's Answer to the Government

Comes now, Jacob Stone, pro se, answering the Government's motion. Stone reminds the Court of the liberal treatment he is afforded as a pro se litigant, Stone v Harry, 364 F.3d 912, 914 (8th, 2004).

The Government argues that the motion is both untimely and premature. As an initial matter, these two positions are mutually exclusive. Thus, if the Government were to prevail on either, it would necessarily mean that they were trying to mislead the Court on the other. Though they have not succeeded, this still raises the fundamental concerns about the integrity of the process involved in the doctrine of judicial estoppel. Parties may not knowingly misrepresent or defraud the Court by taking plainly inconcistent and contradictory positions, Total Petroleum, Inc v Davis, 822 F.3d 734, 738 n6 (8th, 1987).

Neither of these positions are supported by the plain text of the statute. The court may, at any time, modify, enlarge or reduce the terms of release. US v Davies, 380 F.3d 329,332 (8th, 2006).

Nor does either claim to have any support in the case law. It is well settled that defendants may challenge conditions before release, US v Crenshaw, 53 Fed Appx 390 (8th, 2002). And cases

have been reviewed much farther out than this, US v Bise, 610 Fed Appx 587 (8th, 2015)(30 years); US v Soto, 499 Fed Appx 627 (8th, 2013)(30 years); US v Johnson, 560 Fed Appx 647 (8th, 2014)(15 years); US v Johnson, 773 F.3d 905 (8th, 2014)(97 months). It is telling that, in the Goettsch case that the Government cites, no bar was found, but the claims were addressed on the merits.

Finally, the doctrine of premature judgment is only appropriate when the injuries complained of are hypothetical, and their presence may only be specualted to, US v Perez-Ploscencia, 360 F.3d 1063, 1064-65 (8th, 1999). Here, the injuries are certain, unless the conditions are changed. The Court need not engage in hypothetical analysis. Thus, there is no resort to the prematurity doctrine.

The Government's response relies wholly on procedural bars that are nowhere in force. Stone respectfully requests their motion be denied and they be ordered to address the merits.

Respectfully Submitted,

*[signature]*

Jacob Logan Stone
Register No. 09849-010
MCFP Springfield
P.O. Box 4000
Springfield, MO 65801

This foregoing motion is true and correct and was placed in the prison mailbox on the 23rd day of August, 2017.

/s/ Jacob Logan Stone
Jacob Logan Stone
Register No. 09849-010
MCFP Springfield
P.O. Box 4000
Springfield, MO 65801

Jacob Stone 09849-010
Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, Missouri 65801-4000

SPRINGFIELD MO 658
24 AUG 2017 PM 2 L

U.S. District Court
Attn: Clerk
30 South 6th St.
Room 1038
Fort Smith, AR 72901

72901-243763