IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:09CR20074-001 |
| | ) | |
| JACOB LOGAN STONE | ) | |

### RESPONSE TO DEFENDANT'S MOTION TO RECOMMEND
### 12 MONTHS HALFWAY HOUSE TO THE FEDERAL BUREAU OF PRISONS

Comes now the United States of America, by and through Duane (DAK) Kees, United States Attorney for the Western District of Arkansas, and responds as follows to Defendant's Motion to Recommend 12 Months Halfway House to the Federal Bureau of Prisons (Doc 42):

### BACKGROUND

The Defendant, Jacob Logan Stone ("Stone"), pleaded guilty on February 4, 2010, to knowingly distributing images of a minor engaged in sexually explicit conduct. (Doc. 15). The Honorable Robert T. Dawson sentenced Stone on July 13, 2010, to serve 150 months imprisonment, followed by lifetime supervised release and imposed a $5,000.00 fine and payment of a $100.00 special assessment. (Doc. 19).

Stone is incarcerated at the Springfield (Missouri) Federal Medical Center in the Western District of Missouri. According to the Federal Bureau of Prison's ("BOP") public website, www.bop.gov, Stone's release date is November 20, 2020.

### ARGUMENT

The United States recognizes that Sone's *pro se* filing is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("[A]llegations … by petitioner, however inartfully

1

pleaded, are sufficient to call for the opportunity to offer supporting evidence"). "It is clear that a federal District Court is not bound by the label attached to the remedy pursued, but rather a duty exists to exercise jurisdiction on the basis of the factual circumstances involved." *Burns v. United States*, 321 F.2d 893, 896 (8th Cir. 1963) (*citing United States v. Morgan*, 346 U.S. 502, 505-10 (1953)).

Stone's "Motion to Recommend 12 Months Halfway House to the Federal Bureau of Prisons" (Doc. 42) seeks a remedy pertaining to the execution of his sentence. The Government contends Stone's motion should be considered as a motion authorized by 28 U.S.C. § 2241 and filed in the district in which he is incarcerated. However, even if Stone filed a motion under 28 U.S.C. § 2241 in the proper jurisdiction (the Western District of Missouri), his motion would be denied because he has not exhausted his administrative remedies.

## I. This Court Lacks Jurisdiction To Entertain Stone's Motion

Stone asks this Court for a judicial recommendation that he receive placement for 12 months in a residential reentry center or, alternatively, six months of direct home confinement as part of his reentry. This request for relief falls under the purview of 28 U.S.C. § 2241, as explained by the Second Circuit:

> [Petitioner's] petition challenges the place of his imprisonment, including the differences in the manner and conditions of imprisonment (such as the degree of physical restriction and rules governing prisoners' activities) that distinguish [halfway houses] from other BOP penal facilities. [Petitioner's] claim is therefore not an attack on the lawfulness of his sentence, but rather an attack on the execution of his sentence, and as such is governed by § 2241.

*Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *see Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-244 (3d Cir. 2005) (confinement in a traditional federal prison is "qualitatively different"

from community confinement, and thus justifies utilization of § 2241 for challenging BOP regulations regarding placement in a community corrections center); *see also* 18 U.S.C. § 3621(b) (the Bureau of Prisons has plenary power to designate place of confinement).

A motion filed pursuant to 28 U.S.C. § 2241 must be filed in the judicial district where an inmate is imprisoned or a regional Bureau of Prisons (BOP) office is located. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) ("A petitioner may attack the execution of his sentence through § 2241 in the district in which he is incarcerated. . ."); *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000) (Section 2241 claims for good time credit should be made in either the district of confinement or where there is a BOP regional office). A prisoner seeking habeas corpus under § 2241 "must name his custodian as respondent and file the petition in a district court that has jurisdiction over his custodian." *See*, *Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 494-95 (1973) ("[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). The Western District of Arkansas is not the proper judicial district to grant the relief that Stone seeks.

## II.     Stone Has Failed to Exhaust His Administrative Remedies

A district court of competent jurisdiction would decline to consider Stone's request because he has failed to demonstrate he has exhausted all available administrative remedies. Congress has authorized the BOP to designate "any available penal or correctional facility that meets minimum standards of health and habitability ... whether maintained by the Federal Government or otherwise" as a BOP correctional facility for purposes of serving a federal sentence. 18 U.S.C. § 3621(b). This statute "provides the BOP with broad discretion to choose the location of an inmate's imprisonment," as long as it considers the five factors set forth in 18 U.S.C. § 3621(b).

A prisoner must exhaust administrative remedies before seeking review of designation of facility. *See Rogers v. United States*, 180 F.3d 349, 356-57 (1st Cir. 1999) (once administrative remedies under BOP are exhausted, a prisoner may seek judicial review of designation of facility). The BOP has promulgated an administrative remedy system which is codified at 28 C.F.R. §§ 542.10 through 542.16. In accordance with the Bureau's Administrative Remedy Program, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. *See* 28 C.F.R. § 542.13(a). If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14(a). If the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP, within twenty calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). A negative decision from the Regional Director may, in turn, be appealed to the General Counsel's Office (in Central Office) within thirty calendar days of the date the Regional Director signed the response. *Id.* No administrative remedy appeal is considered to have been fully exhausted until considered by the BOP's Central Office. 28 C.F.R. §§ 542.14-542.15. These administrative remedy procedures afford inmates confined in federal facilities the opportunity to voice their grievances and seek relief.

### III. An Evidentiary Hearing Is Unnecessary Because the Matter May Be Resolved on the Record

In a habeas corpus proceeding, an evidentiary hearing is appropriate only where the facts are in dispute. *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996); *Ruiz v. Norris*, 71 F.3d 1404, 1406 (8th Cir. 1995); *see Shelton v. Ciccone*, 578 F.2d 1241, 1245 (8th Cir. 1978) (finding in a §

2241 habeas case that "[w]hen the facts alleged in a habeas petition would justify relief if true, or when a factual dispute arises as to whether or not a constitutional right is being denied, the District Court must grant an evidentiary hearing."). An evidentiary hearing is not required where the question is what conclusion can properly be drawn from the undisputed facts. *Id.*; *see also United States v. Winter*, 411 F.3d 967, 973 (8th Cir. 2005) (evidentiary hearing is not required where the conclusion can be properly drawn from the undisputed facts). The relevant facts in this matter are not in dispute. Rather, the dispute relates to what conclusion can be drawn from the facts and appropriate law. An evidentiary hearing would be unnecessary in the proper judicial district.

### IV.     The Court Should Not Transfer This Action to the Appropriate Court

Under 28 U.S.C. § 1631, this Court could transfer the current action to the United States District Court for the Western District of Missouri. Title 28, U.S.C. § 1631 provides:

> Whenever a civil action is filed ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ..., and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

It appears from Stone's motion that he has addressed his complaint at the BOP staff level. Given that Stone has completed only the first step of the Bureau's Administrative Remedy Program, it would not be in the interest of justice to transfer this matter to the Western District of Missouri because Stone cannot demonstrate he has exhausted all available administrative remedies. Thus, it is unlikely Stone's motion would be heard and decided on the merits by the United States District Court for the Western District of Missouri.

## *CONCLUSION*

For the foregoing reasons, the United States respectfully requests that Stone's Motion to Recommend 12 Months Halfway House to the Federal Bureau of Prisons be dismissed.

Respectfully submitted,

DUANE (DAK) KEES
UNITED STATES ATTORNEY

By: /s/ Kyra E. Jenner
Kyra E. Jenner
Assistant U.S. Attorney
Arkansas Bar No. 2000041
414 Parker Avenue
Fort Smith, AR 72901
Telephone: (479) 783-5125
Email: Kyra.Jenner@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF System which will send notification of such filing and I hereby certify that I have mailed the document by the United States Postal Service to the following non CM/EMF participants:

Jacob Logan Stone, Register No. 09849-010
MCFP Springfield
Federal Medical Center
P.O. Box 4000
Springfield, MO 65801

/s/ Kyra E. Jenner
Kyra E. Jenner
Assistant U.S. Attorney

6