IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WESTERN DIST ARKANSAS
FILED

APR 05 2019

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

| United States of America | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| versus | ) | Case No. 2:09-CR-20074-001 |
| | ) | |
| Jacob Logan Stone | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S ANSWER TO THE GOVERNMENT

Comes now, Jacob Logan Stone, pro se and through liberal construing, answering the Government's opposition to his motion requesting a recommendation only from the Court for halfway house placement. The Government asks that Stone's request for a recommendation to the Bureau of Prisons be construed as a motion under 28 U.S.C. §2241, and, as this Court is not the proper jurisdiction to file such a motion, urges its denial. As that is not what Stone has filed, this suggestion is improper.

That a Court may reconstrue a pro se petitioner's filings to place them in a proper vehicle for relief does not mean that a motion may be also be construed outside of a petitioner's intent, see Castro v United States, 540 US 375, 383 (2003). Here, Stone has asked for no "relief" and challenged no aspect of either his confinement or the execution of his sentence. As such his claim does not fall within the scope of §2241.

Stone has merely asked for a judicial recommendation for more halfway house of the sort that is routinely given in criminal cases. The only difference with this case is that it is being asked for after his sentencing, as opposed to before it. It is standard practice for judges to give recommendations for prison placement, RDAP participation, and more. While these recommendations are considered yb the BOP, they are not binding, and Stone is aware of this.

-1-

They do not have the force of orders and provide no recourse for the defendant if they are not followed.

Since Stone's motion is not properly considered a §2241 motion, the entirety of the Government's response is irrelevant. Much like a motion for clarification, this power remains in the sentencing Court's hands, not the district of confinement. As the matter is advisory, the exhaustion process of the BOP remedies is also clearly irrelevant. A hearing is not required as the matter is solely within this Court's discretion.

Thus, Stone respectfully prays that this Honorable Court reject the Government's invitation to recharacterize Stone's motion as a §2241 motion. It is asked that this Court issue the recommendation and serve a copy of that recommendation on the Warden of the United States Medical Center for Federal Prisoners in Springfield, Missouri at the same address listed below.

Respectfully submitted this 3rd day of April, 2019.

Jacob Logan Stone #09849-010
U.S. Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, MO 65801

-2-

Jacob Stone 09849-010
Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, Missouri 65801-4000

SPRINGFIELD MO 658

04 APR 2019 PM 3 L

72901-243763

Clerk of the Court
United States District Court
30 South Sixth Street
Room 1038
Fort Smith, AR 72901

