IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 10 2019

DOUGLAS F. YOUNG, Clerk
By

Deputy Clerk

United States of America        )
                                )
              Plaintiff         )
                                )
versus                          )     Case No. 2:09-CR-20074-001
                                )
Jacob Logan Stone               )
                                )
              Defendant         )

## MOTION TO RECONSIDER FOR LACK OF DUE PROCESS

Comes now, Jacob Logan Stone, the defendant in this action, moves the
Court to reconsider its denial of his request for Residential Reentry Center
("RRC") recommendation, as the denial is incorrect as a matter of law, and
the way it was done denied the basics of due process. As the procedural history
of this case raises troubling questions about the integrity of the process,
further review is urged to avoid serious Constitutional doubts.

As noted in detail in Stone's response, hereby reincorporated, a request
for a recommendation to the BOP is not a legal entitlement to relief. Construing
a non-binding recommendation as a §2241 is thus incorrect as a matter of law.
Indeed, the 8th Circuit has already held this, and found that the recommendation,
or the refusal to grant one, is not a matter that can be reviewed on appeal,
United States v Duffin, 844 F.3d 786, 788, 791 (8th, 2016). Courts may not
reconstrue motions to the detriment of inmates to dismiss them, see, for example,
Castro v United States, 540 US 375, 384 (2003).

Perhaps the Court would not have been misled had it waited for the response,
which corrected this error. Unfortunately, the Court summarily adopted the
Government's suggestion without critical analysis, and without allowing time
for a response. In addition, the Court didn't even take time to send the Order
to the defendant, only a docket notice, and defendant was forced to have his

-1-

family members waste their own money to obtain the actual order from PACER.

This is now a pattern with this particular Court. It also occured with the motion to Modify Terms and Conditions of Supervised Release. The Government's motion to dismiss as both untimely and premature (which cannot both be true) was filed on August 17, 2017, and adopted only six days later, before a reply could even be mailed. That the Government's response was, as here, both legally incorrect and factually misleading, but was adopted anyway is disturbing.

Due process requires, at a minimum, notice and an opportunity to be heard in a meaningful time in a meaningful way, United States v Zavesky, 839 F.3d 688, 694 (8th, 2016). Obviously, this requires the opportunity to brief, especially when the failure to allow briefing changes the outcomes, Ikenokwalu-White v Gonzales, 495 F.3d 919, 926 (8th, 2007).

When a Court adopts factually incorrect motions one and six days after they are filed, without even following the form of allowing a response, it creates the appearance that the Court is issuing pro forma denials without any real consideration of the substance, Barefoot v Estelle, 463 US 880, 911 (1983). Nothing could be worse for the Court's image. Every litigant must have both the appearance and reality of Justice; twice now it appears that both have been denied.

Reconsideration is strongly urged to combat that appearance.

Respectfully submitted this 9th day of April, 2019.

Jacob Logan Stone #09849-010
MCFP Springfield
PO Box 4000
Springfield, MO 65801

-2-

Jacob Stone 09849-010
Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, Missouri 65801-4000

72901-243763

SPRINGFIELD MO 658

09 APR 2019 PM 2 L



United States District Court
30 South 6th Street
Room 1038
Fort Smith, AR 72901