U.S. DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

APR - 7 2025

Ronald E. Dowling, Clerk of Court
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 2:09CR20074 |
| | ) | |
| JACOB LOGAN STONE | ) | |
| Defendant | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

COMES NOW the Defendant, Jacob Logan Stone, pro se, and respectfully submits this reply to the Government's Response (Doc. 73) opposing early termination of supervised release. The Government's opposition relies almost entirely on conduct disclosed in a post-release administrative interview (SOCNA Report), not before the sentencing court and not the basis of any formal charges or violations since release. The Government further mischaracterizes the applicable legal standard by dismissing four years of exemplary compliance as "mere" expectation. Defendant hereby clarifies and supplements the record as follows:

I. **The Legal Standard Under § 3583(e)(1) Supports Termination**

The Government concedes that district courts have broad discretion under 18 U.S.C. § 3583(e)(1). Contrary to its argument, the statute does not require "extraordinary" circumstances—it requires that early termination be "warranted by the conduct of the defendant and the interest of justice." Courts in

this circuit and others have repeatedly held that consistent compliance, rehabilitation, and reintegration are sufficient grounds for early termination. (United States v. Mosby, 719 F.3d 925 (8th Cir. 2013)).

As acknowledged in United States v. Farineau, continued supervision is not justified merely by the nature of the original offense. Congress deliberately omitted retributive factors—such as promoting respect for the law and reflecting the seriousness of the offense—from § 3583(e).

## II. **Post-Release Conduct is the Focus of § 3583(e)(1)**

The Government devotes most of its opposition to recounting Defendant's pre-incarceration conduct. However, § 3583(e)(1) explicitly focuses on the **conduct of the defendant during release**, not conduct already punished by the original sentence. Defendant has now completed over four years of supervision without a single violation, while complying with all terms, completing treatment, maintaining stable employment, and engaging in community support.

## II. **The SOCNA Report is Not a Judicial Finding or Sentencing Record**

The Government relies on a 2020 SOCNA administrative report that was not part of the court's sentencing record, was conducted after release, and contains allegations or admissions that have never resulted in prosecution, charges, or violations. Defendant does not deny past wrongs—indeed, he has openly taken responsibility and expressed remorse—but introducing this collateral report now to oppose a motion based on post-release conduct sets a troubling precedent.

If the Government believed the SOCNA information created a public safety risk, it could have pursued modification, revocation, or new charges. It did not. Instead, Defendant remained under close scrutiny by the Probation Office, which notably takes no position on this motion—suggesting no concerns about risk or compliance.

## IV. **Public Safety Is Already Addressed by Ongoing Registration Requirements**

The Government implies that only supervised release can ensure public safety. However, Defendant remains subject to sex offender registration laws for at least ten more years. These include address verification, law enforcement notification, and travel restrictions. Continued formal supervision is duplicative and imposes burdens without public safety benefit.

### V. Rehabilitation Has Been Demonstrated and Is Ongoing

Defendant's case is not one of "mere compliance." He voluntarily entered treatment prior to being required, completed programs, started a reentry podcast, and maintained community service and business ownership—all while under scrutiny. The Government discounts these accomplishments because they are "expected," yet these actions represent precisely the type of sustained reintegration § 3583(e)(1) was designed to encourage and reward.

### VI. Recidivism Studies Are Relevant and the Government Misstates Their Value

The Government dismisses national recidivism studies, claiming they only reflect arrest—not offending. Yet these are the same studies cited by the U.S. Sentencing Commission and the Administrative Office of U.S. Courts to guide federal supervision policy. Courts across the country rely on these benchmarks in evaluating motions like this. The Government's argument would render all evidence-based risk evaluations meaningless unless paired with new convictions, which is contrary to the principles of individualized, forward-looking review under § 3583(e)(1).

### VII. Conclusion

The Government has not alleged any violation of supervised release. It has not claimed Defendant poses a current risk. Instead, it seeks to extend supervision based solely on conduct that has already been punished or was never charged. That is not what the law requires. Supervised release is not an indefinite punishment—it is a transitional tool. And Defendant has completed the transition successfully.

WHEREFORE, Defendant respectfully renews his request for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1).

Respectfully submitted this **4th** day of **April**, 2025,

*/s/ Jacob Logan Stone*
Jacob Logan Stone, Pro Se
6633 Leisure Loop
Ozark, AR 72949
JacobLStone1@gmail.com
(479) 209-1707

4

## Certificate of Service

I hereby certify that on this 4th day of April, 2025, a true and correct copy of the foregoing **DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** was served upon the following parties by U.S. Mail:

- United States Attorney
  414 Parker Avenue
  Fort Smith, AR 72901

- U.S. Probation Office
  *Sent via e-mail*

Respectfully submitted,

*/s/ Jacob Logan Stone*

Jacob Logan Stone, Pro Se
6633 Leisure Loop
Ozark, AR 72949
JacobLStone1@gmail.com
(479) 209-1707

Jacob Logan Stone
6633 Leisure Loop
Ozark, AR 72949

CERTIFIED MAIL

7022 3330 0000 4443 3901

Retail

72901

RDC 99

U.S. POSTAGE PAID
FCM LETTER
OZARK, AR 72949
APR 04, 2025

$5.86

S2324P502177-01

U.S. District Court
Office of the Clerk
30 South 6th Street, Room 1038
Fort Smith, AR 72901