IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                          Case No. 2:09-cr-20074

JACOB LOGAN STONE                                                                     DEFENDANT

## ORDER

Before the Court is Defendant Jacob Logan Stone's Motion for Early Termination of Supervised Release. ECF No. 69. The Government has responded. ECF No. 73. The Court finds the matter ripe for consideration.

On December 9, 2009, Defendant was indicted on two counts of knowingly distributing child pornography and thirteen counts of knowing receiving child pornography, all in violation of 18 U.S.C. § 2252(a)(2). ECF No. 1. On February 4, 2010, Defendant pled guilty to Count Six of the indictment. ECF No. 15. On July 16, 2010, the Court sentenced Defendant to 150 months confinement, a lifetime term of supervised release, a $5,000 fine, and a $100 special assessment. ECF No. 19. On June 23, 2020, the Court granted Defendant's request for compassionate release and reduced Defendant's term of confinement to time served. ECF Nos. 65 & 66.

On March 13, 2025, Defendant filed the instant motion seeking to terminate his term of supervised release. Defendant argues that his exemplary conduct during confinement and release, his rehabilitative efforts, and his low risk to the public justifies terminating his term of supervision. Defendant also emphasizes that his lifetime term of supervision is rare and that recidivism rate are low for offenders such as him.

The United States Probation Office ("USPO") provided the Court with its assessment of Defendant's request. The USPO notes that Defendant has complied with all conditions of his release, has maintained stable employment, obtained a bachelor's degree, and completed a rehabilitation program after his release from confinement. The USPO does not recommend termination of Defendant's term of supervised release at this time but does state that it would not oppose a reduction in the term of Defendant's supervised release.

The Government responded in opposition to Defendant's request. ECF No. 73. The Government argues that the relevant statutory factors weigh against terminating Defendant's term of supervised release. The Government emphasizes that the nature of Defendant's offense, which went beyond simply receiving child pornography but also distributing it, is more severe than most sex offenders. The Government then notes that Defendant has an extensive history of possessing, distributing, and producing child pornography, along with direct personal offenses against minors. The Government further notes that much of this history was not available to the Court when it sentenced Defendant. The Government contends that Defendant's characteristics render the lifetime of supervised release necessary to protect the public, reflect the seriousness of Defendant's offenses, and deter future offenses.

A district court may terminate supervised release "if it is satisfied that such action is warranted by conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making its determination, the Court must consider factors set forth under 18 U.S.C. § 3553(a), to the extent they are applicable. *See id*. Section 3553(a) factors include, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of a defendant and provide adequate deterrence for further

criminal conduct, and the need to provide the defendant with correctional treatment in the most efficient manner. See 18 U.S.C. §§ 3553(a)(1)-(2).

After consideration of the above-referenced factors, the Court finds that the instant motion must be denied. Defendant's offense conduct and history justifies the indefinite term of supervision for the protection of the public. Accordingly, Defendant's Motion for Early Termination of Supervised Release (ECF No. 69) is hereby **DENIED**.

**IT IS SO ORDERED**, this 7th day of April, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge